**No. 40373.**—Protest 768063–G of Miller Gebhardt Co. (Seattle).

Opinion by SULLIVAN, J. It was stipulated that the merchandise classified as Christmas-tree decorations is the same as that passed upon in *Kresge* v. *United States* (25 C. C. P. A. 1, T. D. 48975). The claim at 45 percent under paragraph 397 was therefore sustained.

**No. 40374.**—Protest 932038–G of Langfelder, Homma & Hayward, Inc. (New York).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of paper bells similar to those the subject of *Kresge* v. *United States* (25 C. C. P. A. 1, T. D. 48975). The claim at 45 percent under paragraph 397 was therefore sustained.

**No. 40375.**—Protest 957926–G of Sprouse-Reitz Co. (Los Angeles).

Opinion by SULLIVAN, J. It was stipulated that the merchandise consists of paper bells similar to those the subject of *Kresge* v. *United States* (25 C. C. P. A. 1, T. D. 48975). The claim at 45 percent under paragraph 397 was therefore sustained.

**No. 40376.**—Protests 960258–G, etc., of G. A. Westphal & Co., Inc. (New York).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel carved wooden figures similar to those the subject of *United States* v. *Abercrombie* (20 C. C. P. A. 267, T. D. 46060) and Abstract 22772 were held dutiable at 33⅓ percent under paragraph 412, and miniature dog figures in chief value of fur similar to those which were the subject of Abstract 30980 were held dutiable at 50 percent under paragraph 1519.

BEFORE THE SECOND DIVISION, JANUARY 10, 1939

**No. 40377.**—Protests 894790–G, etc., of W. X. Huber Co. et al. (Los Angeles).

Opinion by DALLINGER, J. It was stipulated that the forks in question are similar to those the subject of *Borgfeldt* v. *United States* (T. D. 48585). The claim at 33⅓ percent under paragraph 412 was therefore sustained.